IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 12040 COLWICK DRIVE, LTD | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-01023-FB |
| | § | |
| DEPOSITORS INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

**DEFENDANT DEPOSITORS INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT &
RECOMMENDATION TO GRANT DEPOSITORS' MOTION
FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendant Depositors Insurance

Company ("Depositors") files this response to Plaintiff 12040 Colwick Drive, Ltd.'s ("Plaintiff")

objections to the Magistrate Judge's Report & Recommendation to Grant Depositors' Motion for

Summary Judgment. As more fully explained below, Depositors asks the District Court to overrule

Plaintiff's objections to the Magistrate Judge's Report & Recommendation and enter an order

adopting the Report & Recommendation.

## I.    LEGAL STANDARD

1.    If a party timely files specific objections to a magistrate judge's report and

recommendation, the district court reviews the report and recommendation *de novo*. *United States

of America v. Holliday*, No. 12-cv-638, 2017 WL 6506612, at *1 (S.D. Tex. Dec. 20, 2017).

Absent specific objections, however, the district court must adopt the report and recommendation

unless its findings and conclusions are either clearly erroneous or contrary to law. *Longoria Next

Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019). Legal

arguments not presented to a magistrate judge are automatically waived. *See Freeman v. County*

*of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate's report waives legal arguments not made in the first instance before the magistrate judge."). A party may respond to another party's objections to a magistrate judge's recommended disposition. *See* Fed. R. Civ. P. 72(b). Here, Plaintiff's objections should be overruled. Many of Plaintiff's objections were arguments that were not made in its response to Depositors' motion for summary judgment and thus are now waived. In addition, several of Plaintiff's other objections arise from the fact that Plaintiff failed to meet its burden to identify specific facts in the record to raise a genuine issue of material fact, instead choosing to make only rambling, unspecific arguments in its response to Depositors' motion for summary judgment. Last, the remaining objections are either misplaced or simply not pertinent to the thrust of the Magistrate Judge's Report and Recommendation (Doc. No. 24) (hereinafter, the "Recommendation"). Therefore, Depositors asks this Court to overrule Plaintiff's objections and to enter an order adopting the Recommendation.

## II.    ARGUMENT & AUTHORITIES

2.    Plaintiff's objections to the Recommendation should be overruled. Many of Plaintiff's objections are a "second bite of the apple" and Plaintiff now makes arguments in the form of "objections" which were never made in its response to Depositors' motion for summary judgment. This is improper and, as explained more fully below, Depositors asks the Court to overrule each of Plaintiff's objections.

### A.    The Court Should Overrule Plaintiff's Objections to the Recommendation's Breach of Contract Ruling

3.    Plaintiff first objects that the Recommendation's decision to grant summary judgment on Plaintiff's breach of contract claim is incorrect. In doing so, Plaintiff claims that: (1) the Recommendation read and applied *Ortiz* out of context; (2) the Recommendation should have assumed that the appraisers and umpire considered pre-existing damage in the appraisal award; (3)

the Recommendation improperly granted summary judgment as to the interior damages portion of the claim; (4) the appraisal award was underpaid based on Depositors' over-estimating a "credit" it took on the award; and (5) the Recommendation improperly placed a burden on Plaintiff "to provide an explanation as to the reductions taken by Defendant from the appraisal award." Each of these will be addressed in turn below.

i. <u>The Recommendation Did Not Take <em>Ortiz</em> Out of Context</u>

4. Plaintiff first argues that the Recommendation misapplied *Ortiz*. This objection is largely irrelevant to the overall holding in the Recommendation. Depositors cited *Ortiz* only for the proposition that appraisal awards do not establish a party's liability and non-payment of an appraisal award is not, by itself, a breach of the insurance contract. *See* Doc. No. 15, at p. 11 of 21, ¶ 16; *see also Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). Plaintiff's summary judgment response delved into the holding of *Ortiz* attempting to apply its holding to support its position, and ultimately incorrectly posited that *Ortiz* stands for the proposition that the only way that an insurance carrier could comply with the policy is by paying a full appraisal award less the deductible. *See* Doc. No.18, at pp. 7-8 of 14 ¶¶ 10-11.

5. However, Plaintiff's position ignores the fact that Depositors was under no obligation to issue policy benefits for damages that are not covered by the policy. That is the point of Depositors' citing to *Ortiz* in its briefing. *Ortiz* stands for the proposition that non-payment of an appraisal award is not an automatic breach of the policy. In the Recommendation, the Court correctly applies the *Ortiz* and further noted that *Ortiz* did not involve a situation where an insurance carrier paid only a portion of an appraisal award based on a coverage position such that its ultimate holding was not germane to the dispute in this case. Therefore, Plaintiff's objection to the Recommendation's application of *Ortiz* should be overruled.

3

### ii.     *The Court is Not Obligated to Assume Facts not in Evidence.*

*6.*     Plaintiff next objects that the Recommendation should have assumed that the appraisers and umpires segregated covered damages and only included covered damages in the appraisal award. *See* Doc. No. 24, at ¶¶ 6-7. The basis for this objection is not entirely clear, but, regardless, it is misplaced. Plaintiff provided no evidence that the appraisers or umpire identified pre-existing damages or that the appraisal award constituted only covered damages under the policy. If Plaintiff was concerned that the appraisal award included fraud, accident or a mistake, it could have raised that issue in a pleading or took depositions of the appraisers or umpire. If Plaintiff took issue with portions of Defendant's claim handling, it should have taken the depositions of Depositors' adjusters and representatives. Plaintiff never took any of these steps and its largely conclusory and bare-bones response to Depositors' motion for summary judgment illustrates the shortcomings in its case. Plaintiff's "eleventh hour" attempt to manufacture a genuine issue of fact by making arguments that should have been in its summary judgment and couching these as objections should be overruled.

### iii.     *Plaintiff Failed To Establish a Genuine Issue of Material Fact Regarding its Claim for Covered Damage to the Property.*

7.     Next, Plaintiff believes that there was a genuine issue of material fact with respect to whether there was coverage for interior portions of the subject property. In doing so, Plaintiff objects because the Recommendation "accepted it as true" that "interior water damage was not covered under the policy." *See* Doc. No. 24, at p. 5 of 14, ¶ 8. These objections should be overruled.

8.     Plaintiff objects that the Recommendation cited no evidence for its holding that interior damages were not covered under the policy. However, the Recommendation cited to evidence which demonstrated that the policy did not provide coverage because "[t]here was no opening created by a covered cause of loss that allowed the water to enter the building." *See* Doc.

No. 22, at p. 7 of 21. The Recommendation also discussed the policy limitation for "interior damage unless the building sustains damage by a covered cause of loss to its roof or walls, which allows rain to infiltrate the interior." *Id.* at p. 10 of 21. The Recommendation also discussed the engineer's report that was raised in Depositors' motion for summary judgment which concluded that interior damages did not result from a covered cause of loss that allowed water to infiltrate to the interior. *See* Doc. No. 22, at 6 of 21; Doc. No. 15, at p 6 of 21, ¶ 8.

9.      However, and most importantly, Plaintiff's response to Depositors' motion for summary judgment is largely silent on the issue of interior damages. While Plaintiff devotes time to a discussion of interior damages in its objection to the Recommendation, this is too late because Plaintiff failed to identify specific facts in the record to respond to or defend the allegations in a summary judgment response motion, which operates as a waiver of that argument. If Plaintiff intended to argue that there was a genuine issue of material fact as to whether interior damages should have been part of the appraisal payment, it should have raised this issue in its response to Depositors' motion for summary judgment. Plaintiff failed to do so.

10.      It is for these same reasons that the Court should overrule Plaintiff's objections regarding whether there was a genuine issue of fact related to the extent of damage at the property. In its objection, Plaintiff devotes time to discussing its own engineer's report, but this discussion, or a discussion of how the engineer's report generates a genuine issue of material fact is completely absent in Plaintiff's response to Depositors' motion for summary judgment and, therefore, Plaintiff has waived the argument.

11.      As such, Plaintiff's objection to the Recommendation finding no genuine issue of material fact as to the extent of covered damages to the property should be overruled.

       *iv.*    *Plaintiff's Objections as to Depositors' Alleged Underpayment of the Appraisal Award.*

12.     Next, Plaintiff argues that Depositors underpaid the appraisal award, which resulted in a genuine fact issue as to whether Depositors paid for all covered damages in the appraisal award. Plaintiff's objection on this point is similarly misguided and, yet again, seeks to cure defects in its response to Depositors' motion for summary judgment by objecting to the Recommendation.

13.     Throughout its response to Depositors' motion for summary judgment, Plaintiff largely failed to point out and cite to specific evidence in the record that supported its position that a genuine issue of material fact was present. Under Rule 56, when a party fails to meet this burden, it cannot avoid summary judgment. As such, the Recommendation properly noted Plaintiff failed to meet its burden in this regard, which was one of the reasons the Recommendation granted summary judgment.

14.     Here, Depositors provided evidence that it paid the appraisal award after taking deductions for the policy deductible, damages that were paid for in a 2016 claim for storm damage and not repaired, and interior damages that were not covered under the policy. *See* Doc. No. 22, at p. 11 of 21; Doc. No. 15-24. Plaintiff seems to take issue with the fact that the monetary amount of the deductions made by Depositors in the appraisal award was more than the monetary amount of repairs in the 2016 claim. This is because Depositors deducted from the appraisal award the same *scope* of prior damages to the insured property with credit for the pricing that was set forth in the appraisal award. If Depositors had just deducted the *amount* of the 2016 claim damages, it would have paid for damages that pre-existed the subject loss and were not covered by the subject policy because they originated and were paid for in the 2016 claim. Plaintiff cites no authority or other cogent argument as to why this decision constituted a breach of the policy.

15.    As such, the Recommendation correctly noted that Depositors failed to meet its burden of establishing a genuine issue of material fact as to (1) whether interior damages were covered under the policy, or (2) whether Plaintiff repaired all of the property damages paid for in the 2016 claim. *See* Doc. No. 22, at p. 13 of 21. Once again, in its response to the summary judgment motion, Plaintiff failed to take issue with coverage for interior damages and has now waived that argument. In addition, Plaintiff now takes the position that the metal roofs should have been paid for in the appraisal, but yet again, this point is never made in its response to Depositors' motion for summary judgment. Therefore, Plaintiff's objections on these bases should be overruled.

*v.*    <u>Depositors Properly Advised Plaintiff of the Deductions it took With Respect to the Appraisal Award</u>

16.    Plaintiff believes that the Recommendation improperly placed a burden on Plaintiff "to provide an explanation as to the reductions taken by Defendant from the appraisal award." *See* Doc. No. 24, at p. 9 of 14, ¶ 13. This objection is also misplaced. The Recommendation only imposed a burden on Plaintiff to establish a covered cause of loss under an insurance policy, which is axiomatic in Texas insurance law, and also a burden on Plaintiff to identify specific evidence that raises a genuine issue of fact. Plaintiff failed to meet both of those burdens, which is why the Magistrate Judge concluded that summary judgment was proper. The Court correctly noted:

> [T]o survive summary judgment, Colwick must do more than articulate a theoretical possibility of breach. It must set forth particular facts indicating a genuine issue for trial by tendering depositions, affidavits, and other evidence. Colwick has not provided the Court with any evidence that explains why and how Depositors' deductions do not factually correspond to interior water damage or the 2016 damage to metal roofing materials. *It is not the Court's role to compare the various itemized lists of damages and attempt to contrast the deducted amounts with the documented damage included in the appraisal award to manufacture a fact issue for Colwick.*

*Id.* at p. 16 of 21 (emphasis added) (internal citations omitted).

17.     Plaintiff cannot now, in the form of objections to the Recommendation, attempt to manufacture questions of fact when it plainly failed to do so in its response to Depositors' motion for summary judgment. Plaintiff failed to comply with the pleading standards to oppose motions for summary judgment and failed to meet its burden under Texas law in this case. Therefore, the Magistrate committed no error in the ruling set forth in the Recommendation and Plaintiff's objections should be overruled.

B.     **Plaintiff's Objection That the Recommendation Ignored Evidence Should be Overruled.**

18.     Plaintiff next objects that the Recommendation ignored evidence. Essentially, Plaintiff is unhappy that the Court did not scrutinize the record for evidence to support its position. But, that is not what the Court is obligated to do. Rule 56 requires Plaintiff to cite to specific portions of the record to identify genuine issues of material fact. Rule 56(c)(3) states "[t]he court need consider only the cited materials, but may consider other materials in the record." Instead of fulfilling this obligation, Plaintiff either simply fails to cite specific evidence in the record to support its position or generally refers to an entire exhibit to make a point without fully explaining the evidence it cited or how that evidence actually supports its position. Therefore, Plaintiff's objection that the Recommendation ignored evidence is misplaced because the burden was on Plaintiff to cite specific evidence in support of its claim, and it largely failed to do so.

C.     **Plaintiff's Objections to the Recommendation Entering Summary Judgment as to the Extra-Contractual Claims Should be Overruled.**

19.     Finally, Plaintiff objects to the Recommendation's ruling to grant summary judgment as to the extra-contractual causes of action. Plaintiff seems to break this objection down into two subparts: (1) an objection as to the ruling on Plaintiff's statutory and common law bad

faith claims; and (2) an objection as to the ruling on Plaintiff's Chapter 542 Prompt Payment of Claims Act violations. Both will be addressed below.

### i. *Plaintiff's Objections to the Recommendation to Enter Summary Judgment on Plaintiff's Statutory and Common Law Bad Faith Claims*

20.   First, Plaintiff objects that the Magistrate improperly recommended summary judgment as to its claims for breach of the duty of good faith and fair dealing and for violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Plaintiff objects because the Recommendation for summary judgment was based solely on the fact that Plaintiff had no viable breach of contract claim and because Plaintiff believes that the appraisal payment had no reasonable basis in law. *See* Doc. No. 24, at p. 10 of 14, ¶ 14. Plaintiff cites no case law to illustrate how the specific argument it makes is supported under Texas law.

21.   Plaintiff's position is incorrect and contrary to the Recommendation. The Recommendation concluded that summary judgment was proper as to Plaintiff's statutory and common law bad faith claims because Plaintiff had failed to establish any entitlement to covered benefits under the policy *and* because Plaintiff failed to assert "an independent injury distinct from the benefits it would have received under the policy had it prevailed on its claim that it should have received the full amount of the appraisal award." *See* Doc. No. 22, at p. 18 of 21. Moreover, as explained previously, Plaintiff's objections to the Recommendation's conclusion as to the breach of contract claim should be overruled such that Plaintiff has no viable objection to the Recommendation granting summary judgment as to Plaintiff's statutory and common law bad faith claims.

22.   Next, Plaintiff states that it has provided evidence of "random and unsupported" underpayment of its claim, which it believes entitles it to avoid summary judgment as to at least its claim for breach of the duty of good faith and fair dealing. Once again, these objections fail

because Plaintiff failed to identify specific facts in the record to support its claim of an underpayment of the appraisal award, and further fails to support its position that the claimed underpayment was in bad faith. Thus, even if the Court finds evidence of an underpayment of the claim, the evidence in this case as argued by Depositors shows that, at worst, any underpayment resulted from a *bona fide* coverage dispute and that there was, at all times, a reasonable basis for Depositors' claim decision. Even under this scenario, summary judgment remains proper as to each of Plaintiff's common law and statutory claims for bad faith. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) (affirming summary judgment for an insurer as to an insured's bad faith claim because there was a *bona fide* coverage dispute). Plaintiff took no depositions and identified no credible evidence outside of its self-serving position that the claim was underpaid. This does not rise to the level of bad faith, and Depositors asks the Court to enter summary judgment as to Plaintiff's claims for breach of the duty of good faith and fair dealing and for violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

> ii.    *Without a Viable Breach of Contract Claim, Texas Law Holds that an Insured's Claim under Texas Insurance Code Chapter 542 Fails as a Matter of Law.*

23.    Finally, Plaintiff objects to the Recommendation's ruling to grant summary judgment as to Plaintiff's claims under Chapter 542 of the Texas Insurance Code. At the outset, it is important to note that Plaintiff's live pleading asserted claims under only §§ 542.058 and 542.060 of Chapter 542 of the Texas Insurance Code. *See* Doc. No. 1-1, Plaintiff's Original Petition, ¶¶ 38-39. In its response to Depositors' motion for summary judgment, Plaintiff argued only that there was a fact issue at to whether Depositors violated §542.057, which is not at issue in this case. Plaintiff did not specifically respond to the allegations in Depositors' motion for

summary judgment as to Plaintiff's pleaded claims under Chapter 542 of the Texas Insurance Code. Therefore, the Recommendation properly determined that these claims had been abandoned because there was no specific response to Depositors' motion for summary judgment. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F. 4th 996, 1010 (5th Cir. 2023).

24.    The remainder of Plaintiff's objection centers around the fact that the Recommendation was incorrect in granting summary judgment on the breach of contract claim, which has been addressed previously herein. However, the fact that summary judgment is proper as to Plaintiff's contract claim also means that summary judgment is proper as to Plaintiff's Chapter 542 claims. *See Sadovsky v. Nationwide Prop. & Cas. Ins. Co.*, No. SA-18-CV-271-XR, 2019 U.S. Dist. LEXIS 83864, at *14 (W.D. Tex. May 15, 2019) (holding that summary judgment is proper as to an insured's claims under Chapter 542 of the Texas Insurance Code only if an insurer is "liable for a claim" which did not occur when the insurer was entitled to summary judgment as to an insured's breach of contract claim).  Therefore, Depositors asks the Court to overrule Plaintiff's objections as to its claims under Chapter 542 of the Texas Insurance Code.

### III.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Depositors Insurance Company respectfully prays that the Court overrule each of Plaintiff's objections to the Magistrate Judge's Report and Recommendation, and enter summary judgment as to all claims brought by Plaintiff, and grant all such other and further relief to which it may show itself justly to be entitled.

*(Signature on following page.)*

11

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 16th day of June, 2025 to:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp